FILED

03/26/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0158



ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0158

RACHELL FLORES,

Petitioner,

v.

BRADLEY BRAGG, Lewis and Clark County
Detention Center,

Respondent.

FILED

MAR 2 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Petitioner Rachell Flores has filed a Petition for Writ of Habeas Corpus for the purpose of bail, citing to § 46-22-103, MCA.

Flores asserts that she is "requesting a Release of Detention pending appeal (46-9-107)." She states that she had a hearing on February 7, 2024, after which she was placed in custody. She explains that she seeks her immediate release from jail due to her medical conditions and that her court-appointed counsel did not seek release on bond pending appeal, pursuant to § 46-9-107, MCA, even though she had asked him to file a motion in the Lewis and Clark County District Court. She states that she is a non-violent drug offender and has brain·tumors. She states that she "was sentenced to Elkhorn because of [a] positive drug test." Flores requests her release pending appeal from this Court.

This Court is familiar with Flores's history. *See Flores v. State*, No. OP 23-0717, Order denying writ of habeas corpus (Mont. Jan. 2, 2024). We requested and reviewed copies of the register of action and sentencing judgment. On February 22, 2024, the District Court revoked Flores's suspended sentence, for a second time, after an evidentiary hearing concerning probationary violations.[1] The District Court committed Flores to the Department of Corrections for a ten-year term. The court awarded credit for time served

---

[1] On July 13, 2023, the District Court first revoked Flores's sentence for absconding and imposed a suspended, ten-year sentence to the Montana State Prison.

as well as elapsed time, which totals about eight years, 232 days. The court recommended all previous conditions, reiterated her restitution obligation, and recommended placement at Elkhorn for treatment, followed by prerelease.

Montana law limits Flores's remedies here. Section 46-22-103, MCA, provides that "[w]hen a person is imprisoned or detained in custody on any criminal charge for want of bail, the person is entitled to a writ of habeas corpus for the purpose of giving bail upon averring that fact in the person's petition, without alleging that the person is illegally confined." Section 46-22-101(2), MCA, states that a habeas corpus relief "is not available to attack the legality of an order revoking a suspended or deferred sentence."

Flores's remedy is not a writ of habeas corpus for the purpose of bail. The District Court has sentenced Flores, and there is no want of bail. The court set a bond amount and issued arrest warrants twice for both revocations. While a person may be released pending an appeal of a justice court or city court decision, pursuant to § 46-9-107, MCA, that situation does not apply here. We note that Flores has no appeal pending with this Court.

Flores was sentenced upon revocation in District Court and, as Flores acknowledges in her Petition, her counsel did not file a motion for release pending appeal in the District Court. Flores was a probationer when she violated for the second time within a year. Pursuant to § 46-9-107, MCA, the court must consider "that, if released, the defendant is not likely to flee or pose a danger to the safety of any person or the community."

This Court cannot provide the relief that Flores requests. She is not entitled to release. Section 46-22-101(1), MCA. She is precluded from challenging her sentence upon revocation through this remedy. With her award of credit, Flores has less than a year and a half to serve on this sentence. We point out that if Flores believes an appeal is necessary, she may file a timely appeal with this Court before April 22, 2024. M. R. App. P. 4(5)(b)(i). Therefore,

IT IS ORDERED that Flores's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

2

The Clerk is directed to provide a copy of this Order to: Bradley Bragg, Lewis and Clark County Detention Center; counsel of record, and Rachell Flores along with a copy of this Court's Appellate Handbook.

DATED this _26_ day of March, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices